

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1447-12

**JOE SHAWN HOLLANDER, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE ELEVENTH COURT OF APPEALS
## EASTLAND COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.**

I agree with the court of appeals that the unobjected-to error in the jury charge did not result in egregious harm. I therefore respectfully dissent.

The application paragraph of the jury charge in this case refers to each of the three components of the statute that the State was required to prove. The jury was instructed that it must find each component beyond a reasonable doubt:

[If] you believe from the evidence beyond a reasonable doubt that the defendant, JOE SHAWN HOLLANDER:

(1) did then and there, intentionally or knowingly tamper with tangible property, to-wit: an electric meter device, without the effective consent of the owner, Russ Green,

(2) *and* then and there cause pecuniary loss of less than $20,000 to the said owner,

(3) *and* did then and there intentionally or knowingly divert or cause to be diverted, in whole or in part, public power supply by installation of two wires for such purpose,

then you will find the Defendant guilty of the offense of Criminal Mischief[.][1]

Because the jury found appellant guilty, we know that it found each of these three facts to be true beyond a reasonable doubt. The error in the jury charge, however, affected only the first of these facts, and so cast doubt only on that finding. That is, even if the jury was misled about the appropriate level of confidence as to the tampering, it found beyond a reasonable doubt that appellant caused the relevant pecuniary loss and it found beyond a reasonable doubt that he knowingly or intentionally diverted, or caused to be diverted, the public power supply. Since the jury found the third component–which was not tainted by error–beyond a reasonable doubt, I do not see how error in the first component caused appellant egregious harm.

There was no dispute about whether tampering had occurred in this case. The contested issue was identity. In finding beyond a reasonable doubt that appellant was the person who diverted the public power supply, the jury resolved the only contested issue in a manner that was not tainted by the error in the charge.

Finally, in order to find even some harm, one would have to conclude that the jury could believe beyond a reasonable doubt that appellant diverted the power supply but, at the same time, have a reasonable doubt that he received the economic benefit of the power supply. While, theoretically, a jury might have drawn such a conclusion, the fact that the jury decided the only contested issue against appellant as to the diversion makes it pretty clear that appellant was not

---

[1] Emphasis and numbering added.

harmed at all, much less egregiously harmed, by the jury-charge error.

Since the jury could not rationally have found that appellant knowingly or intentionally installed the wires which diverted the power around the metering device without also finding that the defendant tampered with the property of another, the error in the jury charge did not result in egregious harm.

I respectfully dissent.

Filed: December 11, 2013
Publish